# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:18-cv-180-FDW

| | |
|---|---|
| ASHTON FLETCHER BRANCH HARRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CLEVELAND F. RIDDLE, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. § 1915(e)(2). Plaintiff has been granted in forma pauperis status. (Doc. No. 9).

## I. BACKGROUND

Pro se Plaintiff Ashton Fletcher Branch Harris, a North Carolina inmate incarcerated at Mountain View Correctional Institution in Spruce Pine, North Carolina, filed this action on June 26, 2018, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following Defendants, identified as employees at Mountain View at all relevant times: (1) Cleveland F. Riddle, identified as a lieutenant at Mountain View; (2) Tommy Harris, identified as correctional officer at Mountain View; (3) FNU Grindstaff, identified as a captain at Mountain View; and (4) FNU Slater, identified as a psychologist at Mountain View.

Plaintiff alleges that on April 19, 2018, while Plaintiff was on suicide watch, Defendant Slater, a prison psychologist, advised staff to remove Plaintiff's suicide

1

smock, blanket, and mattress, and told staff not to return those items to Plaintiff that day. Plaintiff alleges that he was, therefore, left in his cell "completely naked and cold all while being monitored on closed circuit camera inside my cell while subjecting me to [being] both continuously degraded and humiliated by staff, by showing deliberate indifference." (Doc. No. 1 at 5). Plaintiff alleges that his "constitutional rights were violated and I was subjected to cruel and unusual punishment while subject[ed] to these conditions of confinement." (Id.).

Plaintiff alleges that Defendant Riddle then tried to force Plaintiff to walk out of his cell completely naked by threatening to pepper spray him, and Riddle then forced Plaintiff to strip completely naked once Plaintiff was taken to a filthy holding cell. Plaintiff alleges that Riddle violated prison procedure by failing to document with video footage "the anticipated use of force" against Plaintiff. (Id.).

As to Defendant Harris, Plaintiff alleges that on the same day, after Plaintiff was taken to the holding cell, after several officers were ordered to put four-point restraints on Plaintiff, Defendant Harris "chok[ed] and slam[ed] [Plaintiff's] head on the steel bed frame until he finally wrapped both hands around [Plaintiff's] neck and applied gradual pressure until [Plaintiff] eventually lost consciousness and completely slacked out." (Id. at 7).

Finally, as to Defendant Grindstaff, Plaintiff alleges that Grindstaff violated prison policy by failing to allow staff to retrieve a video camera to use during the "anticipated" use of force. Plaintiff further alleges that Grindstaff allowed "staff to continusouly hit, punch, knee, smack, and body [Plaintiff]," and then continued to allow staff to call Plaintiff derogatory names, all while staff "continu[ing] to choke me until I

2

ultimately lost consciousness." (Id. at 6).

Although his allegations are not clear, it appears that Plaintiff is purporting to bring an excessive force claim against Defendant Harris, a failure-to-intervene claim against Defendant Grindstaff, and a conditions-of-confinement claim against Defendants Slater and Riddle. Plaintiff also purports to bring various state law claims against Defendants. Plaintiff seeks injunctive relief and compensatory damages.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

As noted, although his allegations are not clear, it appears that Plaintiff is purporting to bring an excessive force claim against Defendant Harris, a failure-to-intervene claim against

3

Defendant Grindstaff, and a conditions-of-confinement claim against Defendants Slater and Riddle. Plaintiff also purports to bring various state law claims against Defendants. The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, this action survives initial screening as to Plaintiff's claims against Defendants.

## IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's allegations survive initial review as to Defendants. See 28 U.S.C. §§ 1915(e); 1915A.

2. This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. The Clerk of Court shall commence the procedure for waiver of service as set forth in Local Rule 4.3 for all four Defendants, who are current or former employees of NCDPS.

Signed: August 27, 2018

Frank D. Whitney
Chief United States District Judge

4